JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON HIMES, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>AMERICAN AIRLINES, Inc.,<br><br>　　　　　　Defendant. | No.:<br><br>CLASS ACTION COMPLAINT |

Brandon Himes ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated employees who work or have worked as Flight Attendants for American Airlines, Inc. (collectively "Defendant") with their base in New York State (collectively, "Flight Attendants").

2. Headquartered in Texas, American Airlines is the largest airline in the world when measured by scheduled passengers carried and revenue passenger mile.

3. Upon information and belief, American Airlines employs thousands of Flight Attendants based out of New York State.

4. At all relevant times, Defendant compensated Plaintiff and all other Flight Attendants on a semi-monthly basis.

5. Despite being manual workers, Defendant failed to properly pay Plaintiff and other Flight Attendants their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant failed to provide timely wages to, and have taken unlawful deductions from the wages of, Plaintiff and all other similar Flight Attendants.

7. Plaintiff brings this action on behalf of himself and all other similar Flight Attendants in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

**Plaintiff**

8. Brandon Himes ("Himes" or "Plaintiff") is an adult individual who is a citizen of the State of Arizona.

9. Harman was employed by Defendant as a Flight Attendant based out of New York City airports (LaGuardia and JFK) from approximately December 2017 through July 2022.

10. Harman is a covered employee within the meaning of the NYLL.

**Defendant**

11. Defendant American Airlines, Inc. is a foreign business corporation organized and existing under the laws of Delaware.

12. American Airlines' principal executive office is located in Dallas, Texas.

13. Defendant applies the same employment policies, practices, and procedures to all flight attendants, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

15. The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

16. There are over 500 members in the proposed Class.

17. Defendant is subject to personal jurisdiction in New York.

18. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

19. Plaintiff brings the First and Second Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Flight Attendants for Defendant and were based out of New York State between the date that is six years before the filing of this Complaint and the date of final judgment in this matter.

20. The class Plaintiff seeks to certify is hereinafter referred to as the "Class."

21. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

22. There are more than one hundred members in the Class.

23. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class ("Class Members"), and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

24. Plaintiff and the Class Members have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

26. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

28. Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class Members on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

29. Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

30. Plaintiff Harman was employed by Defendant as a Flight Attendant based out of New York from December 2017 until July of 2022.

31. During the time he was based out of New York, virtually all of his journeys began and ended in New York, either LGA or JFK airport. In other words, for any given journey (usually 2-3 flights), the flight beginning his journey flew out of New York, and the flight ending his journey landed in New York.

32. During his employment, over twenty-five percent of Plaintiff's duties have been physical tasks, including but not limited to: inspecting emergency equipment, loading and unloading food trays, assisting customers with luggage loading/unloading and seating during pre-boarding and deplaning, serving customers during meal and snack times, and collecting garbage.

33. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff was compensated by Defendant less frequently than weekly.

34. In fact Plaintiff was paid semi-monthly. For example, for the 15 day period of 1/1/2019-1/15/2019, Plaintiff was not paid at all until 1/30/2019, which is 15 days after the end of the period for which he was paid.

35. However, the paychecks Plaintiff received for the first half of each month did not pay him for all hours worked during that period. Instead, in those paychecks Defendant paid Plaintiff for just 37.5 hours, as reflected in his wage statements (Exhibit A), even though Plaintiff worked more hours than that.

5

36. In fact, Plaintiff's wage statements for the first half of each month referred to his pay as an "advance," clearly indicating that it did not reflect his actual hours worked during that period. As a result, Defendant underpaid Plaintiff for his hours worked in the first pay period of every month.

37. Because Plaintiff did not know exactly how many hours he ultimately should have been paid for in the first period, and thus could not determine what additional pay he was owed for that period. Until approximately 30 days after the end of the first pay period for a month, Plaintiff did not the number of hours for which he would be paid for that period. Accordingly, he could not make basic financial plans.

38. The difference between what Plaintiff actually worked and the 37.5 hours reflected on the first monthly paycheck was "made up" to Plaintiff in the second monthly paycheck.

39. For example, Defendant paid Plaintiff for the hours in excess of 37.5 that he worked between January 1 and 15, 2019 in his February 15, 2019 paycheck. It was only on February 15, 2019, when Plaintiff got "caught up" to 94.50 hours for January 1 to 30, 2019, that Plaintiff was fully paid for the remainder of the hours he worked from January 1 to 15, 2019, and for all his hours worked from January 16 to 30, 2019.

40. For both periods, the wage statements did not include Plaintiff's actual hours worked during the pay period listed on the statements. The statement for the first period simply stated 37.5 hours for the pay period January 1 to 15, 2019. The statement for the pay period January 16 to 30, 2019 (Exhibit B) contained the total hours Plaintiff worked from January 1 to 30, 2019 (94.5 hours), without identifying how many hours were worked in each of the two pay periods within that time frame.

41. Thus, Defendant failed to pay Plaintiff his wages earned within seven days of the end of each workweek, as required by NYLL § 191(1)(a).

42. Even if Plaintiff were not a manual worker, he would have been entitled to be paid for all hours worked on a semi-monthly basis. But in fact he was only paid in full for all the hours worked in the first period of a month after Defendants aught him in the second period. Thus, for example, if Plaintiff worked 45 hours the first 15 days in a month, and 45 hours during the second 15 days in period, for a total of 90 hours that month, Plaintiff would be paid for 37.5 hours for the first period (15 days after the end of the period), and for 52.5 hours 15 days after the second period.

43. In addition, Plaintiff's paystubs never stated accurately his hours worked during any given pay period.

44. Every time that Defendant failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy. Moreover, by retaining money that belonged to Plaintiff, Plaintiff lost the time value of money.

45. Defendants committed the foregoing acts against Plaintiff and the Class Members.

### FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the Class)

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class Members.

48. Defendant failed to pay Plaintiff and Class Members on a timely basis as required by NYLL § 191(1)(a) and/or NYLL § 191(1)(d).

49. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### New York Notice Requirements, N.Y. Lab. L. §§195, 198
### (Brought on behalf of Plaintiff and the Class)

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendant did not provide Plaintiff and the members of the Class with the wage statements required by N.Y. Lab. Law § 195. For example, Defendant did not give Plaintiff or members of the Class wage statements that accurately reflected their hours worked in each pay period.

52. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York  
June 29, 2023

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*  
D. Maimon Kirschenbaum  
Josef Nussbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 981-9587

*Attorneys for Plaintiff and the proposed Class*