

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

July 19, 2023

**Mark W. Robertson**
D: +1 212-326-4329

<u>**VIA ECF**</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** <u>***Unopposed Request To Deem Himes v. Am. Airlines, Inc.*, No. 1:23-cv-04892-KAM-JRC (E.D.N.Y.) and *Chisolm-Lucas v. Am. Airlines, Inc.*, No. 1:23-cv-05177-AMD-RML (E.D.N.Y.) Related and Consolidated</u>

Dear Judge Matsumoto:

We represent defendant American Airlines, Inc. in the above-captioned cases. *Himes v. American Airlines, Inc.* ("*Himes*") was commenced June 29, 2023, and assigned to Your Honor. *Chisolm-Lucas v. American Airlines, Inc.* ("*Chisolm-Lucas*") was commenced July 6, 2023, and assigned to Judge Ann M. Donnelly. Under Rule 3(b) of the Rules for the Division of Business for the Eastern District of New York (the "Rules"), American moves for *Himes* and *Chisolm-Lucas* (collectively, the "Cases") to be deemed related and assigned to Your Honor. American further requests these cases be consolidated under Federal Rule of Civil Procedure 42(a). American has conferred with Plaintiffs' counsel in the Cases, and Plaintiffs do not oppose having these cases deemed related and consolidated.

The Rules provide that cases shall be deemed "related" when, "because of the similarity of facts and legal issues or because the case[s] arise from the same transaction or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same district and magistrate judge." Rule 3(a). The Rules further state that "[a]ny party may apply for such a determination by filing a motion in the lowest-numbered case among the applicable cases, and a notice of the filing of such motion in all affected cases." *Id.* 3(b).

Federal Rule of Civil Procedure 42(a)(2) provides that a court may consolidate actions that "involve a common question of law or fact." "The district court has broad discretion to determine whether consolidation is appropriate." *White v. Nano-X Imaging Ltd.*, 2022 WL 3973838, at *3 (E.D.N.Y. Aug. 10, 2022); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). When exercising its discretion, the court must determine if the "risk[] of prejudice and possible confusion" outweighs the "risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."



*Johnson*, 899 F.2d at 1285 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)); *see also White*, 2022 WL 3973838, at *3 (same). "Consolidation is a valuable and important tool of judicial administration that should be invoked to expedite trial and eliminate unnecessary repetition and confusion." *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) (internal quotations omitted).

Here, American is the Defendant in both cases. Plaintiffs are both former New York-based American flight attendants who assert the same claims: (i) for American's alleged failure to pay timely wages under NYLL § 191(1) and (ii) for American's alleged failure to provide accurate wage statements under NYLL §§ 195(3), 198. *Himes*, ECF No. 1 ¶¶ 11, 46-49, 50-52; *Chisolm-Lucas*, ECF No. 1 ¶¶ 1, 49-53, 54-61. Plaintiffs further both assert these claims on behalf of the same putative class of current and former flight attendants who were based at an airport in New York State and worked for American in the six years before the filing of the respective complaints. *Himes*, ECF No. 1 ¶ 19; *Chisolm-Lucas*, ECF No. 1 ¶ 40. The two cases were filed within days of each other—June 29 and July 6, respectively—and therefore encompass practically the same time period and putative class members. *Himes*, ECF No. 1; *Chisolm-Lucas*, ECF No. 1. Requiring separate adjudication of these very similar cases would impose an unnecessary and undue burden on judicial and party resources and could risk inconsistent adjudications of the same questions of law. For this reason, the plaintiff in *Chisolm-Lucas* listed *Himes* as a related case on the civil cover sheet. *See Chisolm-Lucas*, ECF No. 2.

Because of the similarity of facts and legal issues present in the Cases, we respectfully request that the Cases be marked as related, assigned to this Court, and consolidated. If the Court prefers, the parties can also attend a pre-motion conference regarding consolidation or submit formal briefing on this subject.

Respectfully submitted,

/s/ Mark W. Robertson

Mark W. Robertson
for O'MELVENY & MYERS LLP


cc:     All counsel of record